In the Matter of FRANCES McNEELY, Respondent, against CARMINE G. DeSAPIO, as Secretary of State of the State of New York, Appellant.— Appeal from an order of a Special Term, Supreme Court, Sullivan County. Petitioner has for some time been conducting a private hospital for profit. She does not furnish medical attention or medical services, but she supplies facilities for patients under the direction and order of physicians. She had filed with the Secretary of State a certificate of incorporation for a business corporation to take over and continue this business which she had conducted as an individual; and the Secretary of State has rejected the certificate. The court at Special Term has directed its acceptance. We think that section 35-b of the Social Welfare Law prohibits the proposed business corporation from engaging in the functions stated in its charter; and hence that its incorporation is not permissible. This section was inserted in the statute by chapter 301 of the Laws of 1956, and became effective April 4, 1956. It provides that "Only physicians" may "operate hospitals for .profit". It excepts "such hospitals as are in operation" on April 4, 1956 and duly approved in accordance with law. In our view this statute relates primarily and directly to the character of the ownership and operation of the hospital rather than the institution itself. It deals with who may "operate" the hospital. Therefore, the saving clause permits the petitioner, who could lawfully "operate" the hospital before April 4, 1956 to continue to "operate" it. It does not permit another individual, not a physician, to continue to operate it as petitioner's successor or transferee; and it does not permit a stock corporation to become the owner and to operate the hospital even though petitioner is a stockholder, or even

the only stockholder, of such a corporation, since stock could readily be transferred and the actual operator of the hospital be easily changed by transferring control from one to another. The purpose of the statute is to preserve the right of the party operating a hospital to continue to operate it; but we think it is clear that a transfer to another individual or corporate operator is not permissible. Therefore the corporate purpose stated in the certificate is not a lawful one. Order reversed, and petition dismissed, without costs. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.